UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

STEVE WYLIE                                                                                        PLAINTIFF

VS.                                                   CASE NO. 11-CV-4090

INSURANCE COMPANY OF
NORTH AMERICA                                                                              DEFENDANT

### **ORDER**

Before the Court is Plaintiff's Motion to Remand. (ECF No. 6). Defendant has not responded to the motion. The Court finds the matter ripe for consideration.

On August 11, 2011, Plaintiff filed this action in the Circuit Court of Hempstead County, Arkansas. On September 16, 2011, Defendant filed a Notice of Removal in this Court based upon diversity jurisdiction under 28 U.S.C. § 1332. (ECF No. 1). Plaintiff has filed a motion to remand, contending that federal jurisdiction is lacking because the $75,000 amount in controversy requirement of 28 U.S.C. § 1332(a) has not been met.

A federal court is a court of limited jurisdiction. A case may be removed from state to federal court if the defendant can demonstrate that the federal court has original jurisdiction over the case. 28 U.S.C. § 1441(a). Original jurisdiction exists when the case involves a federal question or diversity jurisdiction exists. 28 U.S.C. §§ 1331, 1332. Diversity jurisdiction exists when the controversy is between citizens of different states and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). In this case, removal was based solely upon diversity jurisdiction.

Plaintiff claims that diversity jurisdiction does not exist in this case because the amount in controversy does not exceed $75,000. In determining whether the amount in controversy is satisfied,

1

the courts look to the plaintiff's pleadings at the time of removal. *See St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 282, 292, 58 S.Ct. 586 (1938). Here, Plaintiff did not allege in his Complaint a sum certain for damages. When it is not facially apparent from the complaint that the amount in controversy exceeds $75,000, the federal courts may look to other sources to make this determination, including deposition testimony, answers to interrogatories, statements by counsel, stipulations, settlement offers and other correspondence between the parties. *Radmer v. Aid Association for Lutherans*, 2000 WL 33910093 *2 (W.D. Mo. April 27, 2000). In his Motion to Remand and brief in support, Plaintiff has stipulated that the total amount that can be recovered under the insurance policy at issue is $13,000, exclusive of attorney's fees and interest. (ECF No. 7). Defendant has not presented any evidence to the contrary.[1] Therefore, the Court finds that the amount in controversy in this case does not exceed the $75,000 required by 28 U.S.C. § 1332. Accordingly, this Court lacks subject matter jurisdiction of this case, and it must be remanded to state court.

For the reasons stated herein, the Court finds that Plaintiff's Motion to Remand should be and hereby is **GRANTED**. This matter is hereby **REMANDED** to the Circuit Court of Hempstead County, Arkansas for a proper adjudication of the issues in this case.

IT IS SO ORDERED, this 18th day of October, 2011.

/s/ Harry F. Barnes
Hon. Harry F. Barnes
United States District Judge

---

[1] When the plaintiff has failed to specify a total damage amount in the complaint, it is the removing defendant's burden to prove by a preponderance of the evidence that the amount in controversy is greater than $75,000. *In re Minn. Mut. Life Ins. Co. v. Sales Practices Litig.*, 346 F.3d 830, 834 (8th Cir. 2003).